**In the United States District Court
for the Southern District of New York**

| |
|---|
| R.R.M.C., |
| *Petitioner*, |
| v. |
| PAMELA BONDI, United States Attorney General, |
| *Respondent*. |

Case No. 26-mc-00114 (JMF)

[PROPOSED] **STIPULATED PROTECTIVE ORDER**

This stipulated protective order is entered into by, and between, Petitioner and Respondent by, and through, their respective counsel as follows:

1. **Purposes and Limitations.**

The Parties, Petitioner and Respondent, stipulate, recognize, and acknowledge that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and move this Court to enter the following protective order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in § 12.3 below, that this Order does not entitle them to file confidential

information under seal; this Court's Individual Rules and Practices for Civil Cases set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from this Court to file material under seal.

2. **Definitions.**

2.1. *Action*: this miscellaneous proceeding before Hon. Jesse M. Furman, appointed as Special Master by the United States Court of Appeals for the Second Circuit. The Action does not include proceedings in the associated petition for review before the United States Court of Appeals for the Second Circuit.

2.2. *Challenging Party*: a Party or Nonparty that challenges the designation of information or items under this Order.

2.3. *"CONFIDENTIAL" Information or Items*: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c) and that are subject to legal protection from public disclosure because the information is:

(a) a trade secret or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(1)(G);

(b) personal financial, medical, or other private information relating to an individual, including a foreign national, that would

properly be redacted from any public court filing in accordance with Fed. R. Civ. P. 5.2, including:

(i)     any document, information, or tangible thing protected by the provisions of the Family and Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. part 99; and

(ii)    certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including a Health Insurance Claim number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. §§ 164.102–164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act); or health information for which there may be no waiver by the patient to produce the records to an entity outside one of the parties;

(c)    information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a, and information that would be covered by the Privacy Act if the subject of the information had been a United States citizen or lawful permanent resident;

(d)    personally identifying information regarding any individual currently or formerly in the custody of United States

3

Immigration and Customs Enforcement, including but not limited to name, date of birth, Social Security number, driver's license number, foreign identification documents, A-number, information contained in individual detainee files (*e.g.*, "A-files"), email addresses, phone numbers, mailing addresses, and personal financial information;

(e)     information contained in or pertaining to an individual's:

(i)     asylum, refugee, credible fear, or reasonable fear claims, applications, interviews, determinations, or reviews-including applications for relief under the Convention Against Torture;

(ii)    nonrefoulement interviews;

(iii)   legalization applications under 8 U.S.C. § 1255a;

(iv)    Special Agricultural Worker applications under 8 U.S.C. § 1160;

(v)     applications for temporary protected status under 8 U.S.C. § 1254a;

(vi)    information that relates to a foreign national who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2); or

(vii)   information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including

4

information regarding the whereabouts of such spouse or child (*see* 8 C.F.R. §§ 216.5(a)(l)(iii) and (e)(3)(viii); 8 C.F.R. § 1216.S(a)(l)(iii); 8 U.S.C. § 1154(a)(l)(A)(iii)–(vi); 8 U.S.C. § 1154(a)(l)(B)(ii)–(iv));

(viii)  information protected by 8 U.S.C. §§ 1367, 1202 *et seq.*, 1304(b); 22 U.S.C. § 7105(c)(l)(C)(ii); or 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)–(d), 1003.46, or 1208.6;

(f)    sensitive, privileged, or confidential information that is not otherwise publicly available, including through the Freedom of Information Act, about the United States government's law-enforcement, immigration-enforcement, or national-security operations or intelligence policies or procedures (including the names and contact information of third parties, and non-Senior Executive Service and non-federal employees), and confidential personnel information, including identifying information, contact information, identifying personnel numbers, and other personally identifying information of federal employees who are not public-facing, if release of such information to the public may adversely affect the identifiable law-enforcement, immigration-enforcement, immigration, or national-security interests of the United States; and

5

(g)   any other information that is protected or restricted from disclosure by court order, by statute, or by rule or regulation.

If any party contends that information properly placed in the public record that either party files or intends to file in this case should be designated as "CONFIDENTIAL," the parties agree to meet and confer in accordance with § 6.2.

2.4.   *Counsel of Record*: All attorneys who have appeared for Petitioner or Respondent, those attorneys' support staff, and all attorneys who are affiliated with the law firm, agency, or entity which is Counsel of Record for a Party, and, for Respondent, attorneys for applicable Federal departments or agencies.

2.5.   *Court*: The United States District Court for the Southern District of New York, Hon. Jesse M. Furman, United States District Judge, presiding in the capacity of Special Master on appointment from the United States Court of Appeals for the Second Circuit.

2.6.   *Designating Party*: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7.   *Disclosure or Discovery Material*: All information or items, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and

tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.   *Expert*: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action.

2.9.   *Nonparty*: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.   *Party*: any named party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record.

2.11.   *Producing Party*: a Party or Nonparty that produces Disclosure or Discovery Material in this action.

2.12.   *Professional Vendor*: a person or entity that provides litigation support services (such as photocopying, videotaping, translation, interpretation, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and its employees and subcontractors.

2.13.   *Protected Material*: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14.   *Receiving Party*: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     Scope.**

(a)    (1)    The protections conferred by this Order cover not only Protected

Material, but also:

(i)     any information copied or extracted from Protected

Material;

(ii)    all copies, excerpts, or compilations of Protected Material;

and

(iii)   any testimony, conversations, or presentations by Parties

or their Counsel of Record that might reveal Protected

Material.

(2)    The protections conferred by this Order do not cover the

following information:

(i)     any information that is in the public domain at the time

of disclosure to a Receiving Party or becomes part of the

public domain after its disclosure to a Receiving Party as

a result of publication not involving a violation of this

Order, including becoming part of the public record

through trial or otherwise; and

(ii)    any information known to the Receiving Party before the

disclosure or obtained by the Receiving Party after the

disclosure from a source who obtained the information

lawfully and under no obligation of confidentiality to the Designating Party.

(b)     This Order applies to any ordered discovery and proceedings in this action preceding any evidentiary hearing, whether the Protected Material is produced by a Party or by a Nonparty. This Order binds the Parties and their respective agents, successors, personal representatives, and assignees. All use of Protected Material at a subsequent evidentiary hearing will be governed by a separate agreement or order.

4.    **Duration.**

Even after the appointment of this Court as Special Master is discharged, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing (with respect to the material that Designating Party has designated as "CONFIDENTIAL") or a court order otherwise directs. Termination of employment of any person who has had access to any Protected Material does not relieve such person of his or her obligations under this Order unless a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    **Designating Protected Material.**

5.1.  *Exercise of Restraint and Care in Designating Material for Protection.*

(a)     Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such

9

designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(b)    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case-development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

(c)    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    *Manner and Timing of Designations*. Except as otherwise provided in this Order (*see, e.g.*, § 5.2(a)(2) below) or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is

10

disclosed or produced. Designation in conformity with this Order requires the following:

(a)    (1)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portions (*e.g.*, by making appropriate markings in the margins). To the extent that documents produced in other court actions subject to protective orders entered by those courts ("Other Court Actions") are produced in this action, the Producing Party must identify those designations that were made for the purposes of Other Court Actions and sufficiently mark them so they may be differentiated from designations made for the purposes of this action. If pages marked "CONFIDENTIAL" in the productions of these Other Court Actions do not identify the protected portions thereof, the Parties must meet and confer as necessary to address removing the designation of any "CONFIDENTIAL" markings. The Parties do not

11

waive their rights to challenge the confidentiality designations in specific documents produced from the Other Court Actions. Such challenges are governed by § 6 below.

(2)    A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection is deemed "CONFIDENTIAL."

(3)    After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions (*e.g.*, by making appropriate markings in the margins).

(b)    For any testimony given in deposition or in other proceedings preceding an evidentiary hearing, the Designating Party must identify on the record, before the close of the deposition, hearing, or other proceeding or by written notice within 7 days thereafter, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record by written notice within 7 days thereafter a right to have up to 30 days after the transcript becomes available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days are covered by this Order.

(c)    For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only certain portions of the information or item warrant protection, the Producing Party must identify the protected portions to the extent practicable.

13

5.3    *Inadvertent Failures to Designate.* If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **Challenging Confidentiality Designations.**

6.1    *Timing of Challenges.* Any Party or Nonparty may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    *Meet and Confer.*

(a)    A Challenging Party initiates the dispute-resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is "made in accordance with § 6.2(a) of the Protective Order." The Parties

must attempt to resolve each challenge in good faith and must begin the process by conferring directly, in voice-to-voice dialogue, within 7 days after the date that notice of the challenge is served.

(b)     In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3    *Judicial Intervention.*

(a)     If the Parties cannot resolve a challenge without court intervention, the Designating Party must file and serve a letter-motion to retain confidentiality under this Court's Local Rules and Individual Rules and Practices for Civil Cases within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion

15

must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in § 6.2 of this Order. Failure by the Designating Party to make such a motion including the required declaration within 14 days (or 7 days, if applicable) automatically waives the confidentiality designation for each challenged designation.

(b)     In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portion thereof. Any motion brought under this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in § 6.2 of this Order.

(c)     The burden of persuasion in any such challenge is on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties must continue to afford the material in question the level of

16

protection to which it is entitled under the Designating Party's designation until this Court rules on the challenge.

**7.    Access to and Use of Protected Material.**

7.1    *Basic Principles.*

(a)    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for litigation in this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of § 13 below.

(b)    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    *Disclosure of "CONFIDENTIAL" Information or Items.* Unless otherwise ordered by this Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel of Record in this Action as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

17

(b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" in Exhibit A to this Order;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" in Exhibit A to this Order;

(d)    this Court and its personnel whom this Court designates;

(e)    court reporters and their staff;

(f)    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" in Exhibit A to this Order;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)    during any deposition in this Action, the deponent to whom disclosure is reasonably necessary and who has signed the "Acknowledgment and Agreement to Be Bound" in Exhibit A to this Order, unless otherwise agreed to by the Designating Party or ordered by this Court. Pages of transcribed deposition

18

testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and must not be disclosed to anyone except as permitted under this Order.

8. **Protected Material Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(1) promptly notify in writing the Designating Party, including with the notification a copy of the subpoena or court order;

(2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, including with the notification a copy of this Order; and

(3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(b) If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order must not produce any information designated in this action as "CONFIDENTIAL" before a

determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions may be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     **A Nonparty's Protected Material Sought to Be Produced in This Action.**

(a)     This Order, including its remedial provisions, applies to information produced by a Nonparty in this Action and designated "CONFIDENTIAL." This Order must not be construed to prohibit a Nonparty from seeking additional protections.

(b)     If a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in the Party's possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party must:

(1)     promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2)     promptly provide the Nonparty with a copy of this Order, all relevant discovery requests, and a reasonably specific description of the information requested; and

20

(3)    make the information requested available for inspection by the Nonparty.

(c)    If the Nonparty fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by this Court. Absent a court order to the contrary, the Nonparty bears the burden and expense of seeking protection in this Court of its Protected Material.

10.    **Unauthorized Disclosure of Protected Material.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:

(a)    notify in writing the Designating Party of the unauthorized disclosures;

(b)    use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c)    inform all persons to whom unauthorized disclosures were made of all the terms of this Order; and

21

(d)     request such persons to execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to this Order.

11.    **Inadvertent Production of Privileged or Otherwise Protected Material.**

(a)     Nothing in this Order may be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.

(b)     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

(c)     In accordance with Fed. R. Evid. 502(d)–(e), in the case of any inadvertent disclosure of a communication or information covered by the attorney-client privilege or work-product protection, if the Producing Party promptly notifies the Receiving Party of such inadvertent disclosure within 45 days of learning that the disclosure inadvertently contained information covered by the attorney-client privilege or work-product protection, such "privilege or protection is not waived by disclosure connected with the litigation pending before

22

the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."

## 12.    Miscellaneous Provisions.

12.1.  *Right to Further Relief.* Nothing in this Order abridges the right of any person to seek its modification by this Court in the future.

12.2  *Right to Assert Other Objections.* By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any material covered by this Order.

12.3  *Filing Protected Material.* Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party must not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with this Court's Individual Rules and Practices for Civil Cases. Protected Material must only be filed under seal in accordance with a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by this Court, then the Receiving Party may file the information on the public docket unless otherwise instructed by this Court.

12.4   *Need to Disclose in Open Court.* If the need arises for any Party to disclose Confidential Information in a proceeding in open court or at any hearing, it may do so only after giving notice to the Producing Party, an opportunity for the Producing Party to object, and a ruling by this Court upon any such objection. The notice must be provided no fewer than 5 days before the hearing except upon a showing of good cause. The Producing Party, after a good-faith effort to meet and confer, may seek additional relief from this Court. If this Court schedules a hearing to occur fewer than 5 days after the date the hearing is scheduled, the notice contemplated by this § 12.4 must be accomplished within 24 hours or as soon as practicable. The notice contemplated by this § 12.4 for purposes of a Party who asserts the need to disclose Confidential Information at trial may be accomplished by providing a prehearing exhibit list containing that assertion. This § 12.4 does not apply to filing documents on the docket; such filings are governed by this Court's Individual Rules and Practices for Civil Cases.

12.5   *Privacy Act.* Respondent may produce personal identifying information (as further defined in the Privacy Act of 1974, 5 U.S.C. § 552a, and the Privacy Act of 1974's regulations) contained within electronically stored information or hard-copy documents. Any electronically stored information or hard-copy documents containing such personal

identifying information are deemed Confidential Information, regardless of whether the electronically stored information or hard-copy documents are marked with a "CONFIDENTIAL" legend. Counsel of Record for Respondent must make reasonable efforts to designate any documents or materials containing such personal identifying information as "CONFIDENTIAL."

12.6. *Applicability to Parties Later Joined.* If any additional person or entity becomes a Party to this Action, it must not be given access to any Confidential Information until it execute and files with this Court its written agreement to be bound by this Order.

13. **Discharge of This Court's Appointment as Special Master.**

(a) Within 60 days after the discharge of this Court's appointment as Special Master, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except as permitted by § 13(b) below. As used in this § 13(a), "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that:

(1)    identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and

(2)    affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

(b)    Counsel of Record may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in § 4 above. The Parties do not intend for this Order to change, alter, or modify any obligations they may have under any statutes, rules, or regulations including, but not limited to, 44 U.S.C. § 3101 *et seq.*, and 5 U.S.C. § 552 *et seq.*

**SO STIPULATED THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

s/Perry Hall McAninch[1]

**Perry Hall McAninch**
New York Bar No. 5594296
The Legal Aid Society
Immigration Law Unit
49 Thomas Street, Fifth Floor
New York, NY 10013
(929) 219-6697
pmcaninch@legal-aid.org

**Sayoni Maitra**

**Amy Rebecca Pont**

**Brett A. Shumate**
Assistant Attorney General

**Anthony C. Payne**
Assistant Director

**Jeffery R. Leist**
Senior Litigation Counsel

s/Christopher Ian Pryby

**Christopher Ian Pryby**
California Bar No. 334613
D.C. Bar No. 90030774
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 598-5526
christopher.i.pryby@usdoj.gov

*Counsel for Petitioner*                              *Counsel for Respondent*

Dated: March 20, 2026

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

SO ORDERED.

March 23, 2026

---

[1] Signed by Christopher Ian Pryby with Perry Hall McAninch's permission.