quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7492**

WRITER'S EMAIL ADDRESS
**dylanscher@quinnemanuel.com**

July 30, 2026

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *R.R.M.C. v. Blanche*, Case No. 26-mc-00114:**
**Statement In Support Of Continued Sealing**

Dear Judge Furman:

On behalf of Petitioner R.R.M.C., we write pursuant to Section 7(C) of the Court's Individual Rules and Practices in Civil Cases, and in response to the Court's July 27, 2026 Order (ECF 73) to explain the need to maintain under seal Exhibits B, D, and E (ECF 67-2, 67-4, and 67-5) to the government's opposition to R.R.M.C.'s motion to compel. The government moved for leave to seal these three exhibits at R.R.M.C.'s request (ECF 66).

While some presumption of public access attaches to all judicial documents, the Second Circuit has instructed that where, as here, documents are "submitted in connection with discovery disputes," the "presumption of public access . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *id.* at 53 ("Materials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser—but still substantial—presumption of public access"); *see also CRC Ins. Servs., Inc. v. Suh*, 2025 WL 560749, at *2 (S.D.N.Y. Feb. 19, 2025) (discovery motions are "entitled to modest weight" because "resolving a discovery motion does not involve analyzing the merits of the claims") (quotations omitted).

R.R.M.C.'s request to seal is a narrow one; it asks the Court to seal just three documents concerning his identity. This Court previously granted R.R.M.C.'s "request to proceed using his initials," and noted that all "filings, unless made under seal, shall either use Petitioner's initials or omit or redact Petitioner's name." ECF 10 at 1. This order was consistent with the orders issued in R.R.M.C.'s habeas proceedings and mandamus proceedings. *See* ECF 9 at 5 (citing cases). As R.R.M.C. explained, this dispute "involves information of a private and sensitive nature, the disclosure of which would increase the risk of harm to him while he remains detained or if he is deported again." ECF 9 at 5; *see also MM v. Mayorkas*, 2024 WL 1795766, at *2 (S.D.N.Y. Apr. 25, 2024) ("Federal courts have permitted asylum seekers to proceed anonymously in federal court

proceedings," noting that "[c]ourts have held asylum seekers are particularly vulnerable to retaliation if their names are revealed.").

Each of the three exhibits at issue consists of, or reveals, R.R.M.C.'s identity, which is precisely the category of information that these orders seek to protect.

**Exhibits B and D (ECF 67-2, 67-4):** Exhibits B and D are the same full-face photograph of R.R.M.C. taken in detention, each bearing Bates number GOV-00000047 and marked as deposition exhibits RX-2 and RX-3. The photographs also depict another detainee in the background, with his face masked. Because the photographs are themselves the identifying content, sealing the exhibits in their entirety is appropriate to protect R.R.M.C. and minimize any risk of harm. *See* ECF 9 at 5; ECF 10 at 1.

**Exhibit E (ECF 67-5):** Exhibit E is an ICE identification record for R.R.M.C., bearing Bates number GOV-00000048. It includes his photograph in the upper left-hand corner, as well as his age, sex, year of birth, and nationality. For similar reasons to those given for Exhibits B and D, sealing this document in its entirety is appropriate, as it consists almost entirely of personal identification information with nothing that could be meaningfully redacted and left public.

If the Court disagrees, R.R.M.C. requests at least that any publicly available version of the above discussed documents redact R.R.M.C.'s face.

R.R.M.C. therefore respectfully requests that Exhibits B, D, and E be maintained under seal. The proposed sealing is limited to effectively just three pages—two duplicative images of R.R.M.C. and an identification record. All other exhibits and filings made in connection with the opposition to the motion to compel are publicly accessible. Sealing only the limited material regarding R.R.M.C.'s identity is narrowly tailored to protect his legitimate confidentiality interests while preserving the public's right of access regarding this discovery dispute.

Respectfully submitted,

*/s/ Dylan I. Scher*

Dylan I. Scher

*Attorneys for Petitioner R.R.M.C.*

Application GRANTED. The Clerk of Court is directed to terminate ECF No. 66.

SO ORDERED.

July 31, 2026