**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878

**Via CM/ECF** Aug. 3, 2026

Hon. Jesse M. Furman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *R.R.M.C. v. Blanche*, Case No. 26-mc-00114 (JMF)
Motion to redact exhibits

Dear Judge Furman:

This Court should permit the filing of the proposed redacted versions of Exhibits R5, R6, and R11. Respondent requested Petitioner's position on the requested redactions by email on August 3; Petitioner responds that he takes no position. Petitioner further requested by email on August 3 that Respondent move to seal Exhibit R9.[1] Respondent has informed Petitioner's counsel of the need to file a letter within three business days explaining the need to seal or redact the exhibit.

A presumption of a common-law right of public access attaches to judicial documents—that is, items "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The weight of that presumption depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it,'" including "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *Amodeo*, 71 F.3d at 1049).

Additionally, there is a "qualified First Amendment right of access to certain judicial documents" that "have historically been open to the press and general

[1] Petitioner also requested redactions of other information that this Court has already ordered redacted in ECF 10 at 1; Respondent will make those redactions as a matter of course.

public" and for which "public access plays a significant positive role in the functioning of the particular process in question," or are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings.'" *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 89, 92–93 (2d Cir. 2004)). Such "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

The documents at issue, submitted as exhibits in support of Respondent's joint-letter position that no evidentiary hearing is necessary for this Court to make a factual finding as to the Second Circuit's first question, are akin to exhibits to a motion for summary judgment. They are therefore subject to both the common-law and First Amendment presumptions of a right of public access. *See id.* at 126.

But the common-law presumption receives little weight with respect to the items requested to be redacted here because they are not necessary for the public to monitor this Court's functioning, *see Amadeo*, 71 F.3d at 1048, 1050, nor are they "relevant to the performance of the judicial function," *Giuffre v. Maxwell*, 146 F.4th 165, 179 (2d Cir. 2025) (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)). The information includes the identities and contact information of ICE's officers, employees of ICE contractors, and names of aliens who were incidentally present in documents whose contents are relevant to this Court's adjudicating function. Those persons' identities and contact information have little to no relevance to the substantive reason for the exhibits, which is to demonstrate facts showing that Petitioner was on a bus in Louisiana when he instead contends that he was outside the United States.

And competing considerations against the common-law presumption therefore outweigh the weak presumption here. Those considerations include the safety of law-enforcement officers and support personnel. *See Lugosch*, 435 F.3d at 120. Public disclosure of these employees' and contractors' identities increases the probability that they may be targeted for doxxing or other harassment or even threats of harm. The disclosure of their official contact information and work addresses also creates additional channels by which potential harassers or assailants can access those government employees and contractors. *See, e.g.*, U.S. Dep't of Homeland Sec., *DHS Condemns Dangerous Doxxing and Escalating Threats Against Federal Law Enforcement Officers* (Oct. 9, 2025), https://www.dhs.gov/news/2025/10/09/dhs-condemns-dangerous-doxxing-and-escalating-threats-against-federal-law (describing harassment of and threats against ICE employees and family members); CBS Austin, YouTube, *Rise in ICE Monitoring & Doxxing Due to Dangerous Rhetoric; Federal Officials Say*, (Jan. 15, 2026), https://www.youtube.com/watch?v=Csh7c9Y84Xw, at 1:02–1:09 (reporting increase in assaults against ICE officers by 1300% and death threats by 8000%).

Countervailing considerations also include the privacy interests of several dozen aliens who were incidentally present on buses relevant to this matter. *Amodeo*, 71 F.3d at 1050 (finding that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *Doe v. ICE*, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021) (Nathan, J.).

The First Amendment presumption is also overcome in this instance. The redaction of the identities and contact information here "is essential to preserve higher values and is narrowly tailored to serve that interest," *Lugosch*, 435 F.3d at 122 (quoting *In re N.Y. Times*, 828 F.2d at 116). Those higher values include preserving the safety of law-enforcement officers and support personnel and minimizing unwanted public exposure of aliens only incidentally present in documents relevant to this litigation, as described above. *See United States v. Erie Cnty.*, 763 F.3d 235, 243–44 (2d Cir. 2014) (listing privacy and safety interests among interests that may be "higher" than First Amendment values). And the redactions are narrowly tailored to serve those interests, leaving intact the remaining substance of the exhibits.

Respectfully submitted,

s/Christopher Ian Pryby
**Christopher Ian Pryby**
California Bar No. 334613
D.C. Bar No. 90030774
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 598-5526
christopher.i.pryby@usdoj.gov

*Counsel for Respondent*

**Brett A. Shumate**
Assistant Attorney General

**Benjamin Mark Moss**
Acting Senior Counsel for District Court Litigation

**Anthony C. Payne**
Assistant Director

**Jeffery R. Leist**
Senior Litigation Counsel

Application GRANTED. The Clerk of Court is directed to terminate ECF No. 80.

SO ORDERED.

August 4, 2026