

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878

---

**Via CM/ECF**                                                                    August 13, 2026

Hon. Jesse M. Furman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *R.R.M.C. v. Blanche*, Case No. 26-mc-00114 (JMF)<br>Motion to compel response to Respondent's Interrogatory No. 21

Dear Judge Furman:

This Court should order Petitioner to respond to the portion of Respondent's Interrogatory No. 21 requesting him to "identify the media by which [he] made" communications with Ambien Mitchell and his family members "about [his] alleged January 26, 2026, flights to and from Honduras." ECF 82-9, at 11.

The parties met and conferred about this issue by phone on August 13, 2026, and could not reach a resolution.

Although Petitioner made multiple objections to that interrogatory, at the conference, Petitioner stated that he intends to rely on the objections that the requested information lacks relevance and that the request is disproportionate to the needs of the case. Petitioner also stated at the conference that this motion to compel comes too late. Because he resists this discovery request, Petitioner bears the burden of demonstrating that his objections should be sustained. *In re Priceline.com Inc. Secs. Litig.*, 233 F.R.D. 83, 85 (D. Conn. 2005).

Petitioner's first two objections fail for lack of specificity. He must "do more than 'simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad.'" *Id.* (quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)); *see also id.* ("An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded." (quoting *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996))). But that is all his objections do. *See* ECF 82-9, at 3–6, 14.

In any event, Respondent prevails on the merits of the objections.

*First*, the request is relevant. Knowing the media of the communications will narrow the universe of records—for example, recorded jail calls—that Respondent would need to search to obtain the underlying communications, if the government possesses them. And the underlying communications are relevant because they would be direct evidence of Petitioner's account of the disputed events.

*Second*, the request is proportional to the needs of the case. Petitioner need not search any records at this point. He need only state how he communicated with Ms. Mitchell and his three identified family members. And the probative value of any such communications if later disclosed to or uncovered by Respondent would be high.

*And finally*, the request does not come too late. The second amended response to Interrogatory No. 21 was served on July 31, 2026. It has been less than two weeks since that response was served. Nor has this Court ordered a deadline by which all motions to compel must be made. Although this Court ordered that all outstanding discovery be made by noon on July 31, a reasonable time must be allowed to object to responses received that day. And two weeks is not an unreasonable amount of time.

That is especially true here. That July 31 response was the first time Petitioner indicated that his sworn statement to the Second Circuit that "[b]ecause [his] commissary was locked, [he] used another person's tablet to send a message to [his] close friend, Ambien Mitchell," ECF 68-8 ¶ 3, was in fact "mistaken." ECF 82-9, at 8, 10–11. And then on August 7, 2026, he yet again amended his responses to Interrogatories 3 and 4 to indicate the new detail that his "communication with Ambien Mitchell was an oral conversation" without providing further details of whether it was by phone or app or in person.[1] *See* Ex. A, at 9, 11. Any untimeliness on Respondent's part is outweighed by how long it took Petitioner to correct his purported mistake in his sworn declaration—which came only on the *second* amended response, and only after multiple conferences between the parties on the sufficiency of Petitioner's answer to Interrogatory No. 21.

---

[1] Because Respondent drafted certain of his interrogatories in reliance on Petitioner's now-recanted statement, Respondent has served amended interrogatories on Petitioner with a requested response date of Monday, August 17, 2026, regarding details of the January 25, 2026, "oral conversation" with Ambien Mitchell, to allow Respondent to search for records of those communications if they still exist. The parties have scheduled a conference for the morning of August 18 in the event there is a dispute over those amended requests.

This Court should therefore compel Petitioner's response.

Respectfully submitted,

**Brett A. Shumate**
Assistant Attorney General

**Benjamin Mark Moss**
Acting Senior Counsel for District-
 Court Litigation

**Anthony C. Payne**
Assistant Director

**Jeffery R. Leist**
Senior Litigation Counsel

s/Christopher Ian Pryby
**Christopher Ian Pryby**
California Bar No. 334613
D.C. Bar No. 90030774
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 598-5526
christopher.i.pryby@usdoj.gov

*Counsel for Respondent*

Petitioner is directed to file a response **no later than August 17, 2026**.

SO ORDERED

August 13, 2026

3