**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878

**Via CM/ECF**

September 3, 2026

Hon. Jesse M. Furman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *R.R.M.C. v. Blanche*, Case No. 26-mc-00114 (JMF)
Motion to redact Nardello & Co. report

Dear Judge Furman:

This Court should permit the filing of the proposed redacted version of the Nardello & Co. report, submitted in connection with a motion *in limine*. The Attorney General requests the redaction of all nonparty individuals' names and photographs.[1] Petitioner's counsel requested by email the redaction of names and nicknames.

A presumption of a common-law right of public access attaches to judicial documents—that is, items "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The weight of that presumption depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it,'" including "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *Amodeo*, 71 F.3d at 1049).

[1] The Attorney General also redacts Petitioner's name and portions thereof other than his initials, in compliance with this Court's order, ECF 10, at 1, and his photograph, in conformity with this Court's order granting the motion to seal certain documents containing Petitioner's photograph following his letter in support of sealing, *see* ECF 78.

Additionally, there is a "qualified First Amendment right of access to certain judicial documents" that "have historically been open to the press and general public" and for which "public access plays a significant positive role in the functioning of the particular process in question," or are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings.'" *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 89, 92–93 (2d Cir. 2004)). Such "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

The document at issue, submitted in connection with a motion *in limine*, is "subject to at least some presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).[2]

The common-law presumption receives little weight with respect to the information requested to be redacted here for two reasons. First, "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.* at 50. So the "specific and substantial reasons for sealing" such documents "usually need not be as compelling as those required to seal summary judgment filings." *Id.*

Second*,* the information proposed to be redacted is not necessary for the public to monitor this Court's functioning, *see Amadeo*, 71 F.3d at 1048, 1050, nor is it "relevant to the performance of the judicial function," *Giuffre v. Maxwell*, 146 F.4th 165, 179 (2d Cir. 2025) (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)). The information includes names of aliens who were incidentally present in documents whose contents are relevant to this Court's adjudicating function. Those persons' specific identities (other than being identified as passengers on the removal flight) and the photographs of other individuals have little to no relevance to the substantive reason for the report, which is presented for this Court to decide its admissibility.

Countervailing considerations also include the privacy interests of the several dozen aliens who were on the January 26, 2026, removal flight to Honduras but are not parties to the instant proceedings, as well as the unidentified individuals in the photographs. *Amodeo*, 71 F.3d at 1050 (finding that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *Doe v. ICE*, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021) (Nathan, J.).

[2] *Brown* did not decide whether that presumption was limited to the common-law presumption or included the First Amendment presumption too, and the Attorney General has discovered no later published decision of the Second Circuit on the issue.

Any First Amendment presumption is also overcome in this instance. The redaction of the identities and photographs here "is essential to preserve higher values and is narrowly tailored to serve that interest," *Lugosch*, 435 F.3d at 122 (quoting *In re N.Y. Times*, 828 F.2d at 116). Those higher values include minimizing unwanted public exposure of aliens present in documents relevant to this litigation, as described above. *See United States v. Erie Cnty.*, 763 F.3d 235, 243–44 (2d Cir. 2014) (listing privacy and safety interests among interests that may be "higher" than First Amendment values). And the redactions are narrowly tailored to serve those higher interests, leaving intact the remaining substance of the report.

Respectfully submitted,

**Brett A. Shumate**
Assistant Attorney General

**Anthony C. Payne**
Assistant Director

**Jeffery R. Leist**
Senior Litigation Counsel

**Benjamin Mark Moss**
Assistant Director

s/Christopher Ian Pryby
**Christopher Ian Pryby**
California Bar No. 334613
D.C. Bar No. 90030774
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 598-5526
christopher.i.pryby@usdoj.gov

*Counsel for Respondent*

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 110.

SO ORDERED

September 4, 2026