**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878

**Via CM/ECF**

September 14, 2026

Hon. Jesse M. Furman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *R.R.M.C. v. Blanche*, Case No. 26-mc-00114 (JMF)
Motion for remote video testimony of Santos Rosales-Ortiz

Dear Judge Furman:

This Court should permit Santos-Rosales-Ortiz to testify at the September 22, 2026, hearing remotely by video.

Mr. Rosales-Ortiz is detained by Immigration and Customs Enforcement ("ICE") at Winn Correctional Facility in Winnfield, Louisiana. Ex. A ¶ 4. The closest appropriate detention facility to the Southern District of New York would be the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, which is, at a minimum, a four-and-one-half-hour drive from the courthouse. *Id.* ¶ 5. Closer detention facilities cannot accept Mr. Rosales-Ortiz due to his current custody classification level based on his criminal history. *Id.* ¶ 6. Additionally, transferring Mr. Rosales-Ortiz would also require that there be a flight path available utilizing ICE Air from Alexandria, Louisiana, to Moshannon Valley, coordinating with Moshannon Valley for room and board, and ensuring that there are ICE officers available to transport and escort Mr. Rosales-Oritz from Moshannon Valley to the courthouse in New York and return him to the facility. *See id.* ¶ 7.

The difficulties in securing Mr. Rosales-Ortiz's transfer are more than an assertion that it is "inconvenient for the witness to attend the trial." *Radosti v. Hudson's Bay Co.,* No. 18-cv-12266, 2022 WL 2119299, at *2 (S.D.N.Y. May 4, 2022) (quoting Fed. R. Civ. P. 43(a), advisory committee's note to 1996 amendments); *Castillo Frias v. Martinez*, No. 19-cv-2792, 2021 WL 2661093, at *1 (E.D.N.Y. June 28, 2021) (distant location of witnesses and travel challenges posed by COVID-19 presented good cause in compelling circumstances for remote testimony).

Further, appropriate safeguards can be put in place. *See, e.g.*, Fed. R. Civ. P. 43(a) (permitting video testimony for good cause and with appropriate safeguards); *Medina v. Angrignon*, No. 15-cv-427, 2024 WL 108669, at *4 (W.D.N.Y. Jan. 10, 2024) (collecting cases that "provide examples of 'appropriate safeguards'" that courts in this Circuit have "employed or planned to employ at trial" including the administration of the oath, verifying the identity of the witness, protecting against coaching by persons present with the witness, and providing for accurate video and audio transmission); *see also*, *e.g.*, *Rinaldi v. SCA La Goutte, d'Or*, No. 16-cv-1901, 2022 WL 443779, at *2 (S.D.N.Y. Feb. 12, 2022) (requiring the parties to meet and confer about potential safeguards in advance of trial); *Zamora v. Ljubica Contractors LLC*, 18-cv-419, 2025 WL 2494271, at *4–5 (S.D.N.Y. Aug. 29, 2025) (same).

Counsel for Petitioner states that Petitioner generally prefer lives testimony as opposed to testimony via videoconference, but takes no position with respect to Respondent's representation of logistical difficulty.

Respectfully submitted,

**Brett A. Shumate**
Assistant Attorney General

**Anthony C. Payne**
Assistant Director

**Benjamin Mark Moss**
Assistant Director

**Christopher Ian Pryby**
Senior Litigation Counsel

s/ Jeffery R. Leist
**Jeffery R. Leist**
Virginia Bar No. 71711
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 305-5013
jeff.leist@usdoj.gov

*Counsel for Respondent*

Application GRANTED. The parties should be prepared to address what, if any, safeguards should be implemented with respect to the videoconference testimony at the final prehearing conference on September 18, 2026. The Clerk of Court is directed to terminate ECF No. 137.

SO ORDERED

September 15, 2026

Exhibit A