UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

R.R.M.C.,

Petitioner,

-v-

TODD BLANCHE,

Respondent.

---

26-MC-114 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge and Special Master:

The United States Court of Appeals for the Second Circuit appointed me as Special Master pursuant to Rule 48(a) of the Federal Rules of Appellate Procedure and tasked me with recommending findings of fact regarding two questions: (1) whether Petitioner R.R.M.C. had been flown to and from Honduras on January 26, 2026, in violation of a temporary stay of removal, as he had alleged; and (2) "whether any counsel, party, or declarant . . . made a knowing and material misrepresentation to the Court in connection with this allegation." ECF No. 1 ("App't Order"), at 1-2. On November 4, 2026, after six months of discovery and a full-day evidentiary hearing, I issued an Opinion and Order, familiarity with which is presumed, recommending that the Court of Appeals find, in answer to the first question, that Petitioner was *not* flown to and from Honduras on January 26, 2026. *See R.R.M.C. v. Blanche*, No. 26-MC-114 (JMF), 2026 WL 3334292 (S.D.N.Y. Nov. 4, 2026) (ECF No. 163). In reference to the second question, I ordered the parties to confer and submit a joint letter addressing next steps, including whether any further proceedings are warranted. *See id.* at *16.

Upon review of the parties' joint letter, *see* ECF No. 164 ("Joint Letter"), I conclude that no further proceedings are warranted. First and most straightforward, I recommend that the

Court of Appeals find that Petitioner made knowing and material misrepresentations to that Court. In a sworn declaration filed with the Second Circuit on February 17, 2026, Petitioner unambiguously claimed that, on January 26, 2026, he had been flown to and from Honduras. *See* 2d Cir. ECF No. 53.1, at 8-9, ¶¶ 8-14.[1] In my Opinion and Order, I concluded, by a preponderance of the evidence, that this claim was untrue. *See R.R.M.C.*, 2026 WL 3334292, at *3-14. Citing nine separate reasons to "doubt" Petitioner, I explicitly "decline[d] to credit [his] testimony that he was flown to and from Honduras on January 26, 2026." 2026 WL 3334292, at *9, 12. In the parties' joint letter, Petitioner's counsel tries to minimize the import of my conclusions by asserting that "a finding that one account is more probable than another says nothing about whether the party who lost believed his own" and characterizing Petitioner's claims as "an honest mistake." Joint Letter 1-2. But judges "are 'not required to exhibit a naiveté from which ordinary citizens are free.'" *Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019) (quoting *United States v. Stanchich*, 550 F.2d 1294, 1300 (2d Cir. 1977) (Friendly, J.)). Put simply, in light of the evidence and conclusions set forth in the Opinion and Order, I am compelled to conclude that Petitioner made knowing and material misrepresentations to the Second Circuit in his declaration of February 17, 2026.

By contrast, I conclude that there is no evidence to support a finding that anyone else made a knowing and material misrepresentation to the Second Circuit in this matter. For starters, there is no evidence that, when they denied Petitioner's claim about being flown to and from Honduras on January 26, 2026, any Government lawyer or declarant made any knowing and material misrepresentation to the Second Circuit.[2] Nor is there evidence that any counsel or

---

[1] Citations to "2d Cir. ECF" are to filings in *R.R.M.C. v. Blanche*, No. 25-1785 (2d Cir.).

[2] In a declaration filed in the Second Circuit on March 17, 2026, Jannie Tucker-Ealy attested that she knew no detainee had been on the January 26, 2026 return flight from Honduras

declarant *for* Petitioner made any knowing and material misrepresentation. The only declarant on Petitioner's side other than Petitioner himself was Julia Kerr, one of his lawyers at the Legal Aid Society, but her declaration was explicitly limited to recounting the information she was given regarding Petitioner's alleged removal; there is nothing in the declaration to suggest that she knew that information was inaccurate or false. *See* 2d Cir. ECF No. 53.1, at 14-15. And while the letters submitted to the Second Circuit by Perry McAninch and Sayoni Maitra, also Petitioner's lawyers at the Legal Aid Society, went a bit further in a few places, *see, e.g.*, 2d Cir. ECF No. 63.1, at 1 (stating, without qualification, that "ICE illegally removed [Petitioner] to Honduras . . . a *second time*, on January 26, 2026"); *accord id.* at 5, it is plain from context that they too were conveying their understanding of Petitioner's "account" of events, *id.* at 5, and they repeatedly qualified the limits of their knowledge, *see, e.g.*, 2d Cir. ECF No. 38.1, at 1-2 (stating "upon information and belief" that Petitioner had been removed); 2d Cir. ECF No. 53.1, at 3 (observing that counsel lacked access to the evidence "that could independently confirm" Petitioner's removal and that their investigation was therefore "necessarily limited"). In their case, too, there is nothing to suggest that they knew Petitioner's account was inaccurate or false.

---

"based upon [her] first hand knowledge as [she] was personally on the flight." 2d Cir. ECF No. 68.1, at 8. As I recounted in my Opinion and Order, however, she later "acknowledged that she did not remember the flight and that she had used 'firsthand knowledge' to mean knowledge '[b]ased upon the documentation that [flight officers] can keep.'" 2026 WL 3334292, at *7 n.3 (quoting Tucker-Ealy Dep. Tr. 129-30). Thereafter, the Government filed an amended declaration in the Second Circuit, explaining that the proposed correction was necessary because Tucker-Ealy had "mistakenly understood 'firsthand knowledge' in [her original] declaration." ECF No. 156-1; ECF No. 156-2, at 3, 11-12. There is no evidence to doubt that innocent explanation. *See, e.g., Muzumala v. FBI*, No. 22-CV-3789 (JGK), 2023 WL 8850051, at *7 (S.D.N.Y. Dec. 20, 2023) (accepting a revised declaration from the FBI and concluding that "confess[ing] to a mistake in its initial declaration and then correct[ing] that mistake" did not show bad faith (internal quotation marks omitted)).

In the parties' joint letter, the Government makes much of a January 30, 2026 email from McAninch to the United States Attorney's Office for the Southern District of New York — admitted into evidence as Respondent's Exhibit 66 ("RX-66") at the hearing in this matter. *See* Joint Letter 4. In that email, McAninch stated that Petitioner had been flown to Honduras on January 26, 2026, and "then returned to the US on the same plane, *which landed in New York in the late afternoon*," before taking another plane back to Louisiana, RX-66, at 1 (emphasis added), an account that differed from Petitioner's. But, on its face, McAninch's representations in that email were also based on what Petitioner had told him (and thus, at most, were relevant to whether Petitioner's account of the events at issue was credible). *See id.* ("We just spoke with RRMC and received more details. Our understanding is that . . ."). Additionally, McAninch testified credibly at the hearing about why he had mistakenly referred in the email to New York and that he had subsequently corrected the "obvious mistake"; notably, when given the opportunity, the Government elected not to even cross-examine McAninch on that testimony. *See* ECF No. 159, at 134-35. Finally, and in any event, the January 30, 2026 email was not submitted to any court as a representation of fact, let alone to the Second Circuit; indeed, it was not even sent in connection with the case before the Second Circuit. Even if inaccurate, therefore, the email was, by definition, not "a knowing and material misrepresentation to the [Second Circuit] in connection with [Petitioner's] allegation." App't Order 2.

Finally, I am not persuaded by the Government that there is any reason to engage in further discovery to address the second question posed by the Second Circuit in its Order appointing me as Special Master. The further discovery that the Government proposes would likely be privileged and, regardless, would certainly intrude on the attorney-client relationship. And to what end? To the extent that Petitioner made statements to his counsel that he knew to be

false, with the intention that they be submitted to the Government or a court, the crime-fraud exception to attorney-client privilege might well apply. *See, e.g.*, *SEC v. Collector's Coffee Inc.*, 338 F.R.D. 309, 315-24 (S.D.N.Y. 2021). But obtaining such evidence is not necessary for me to conclude that Petitioner himself made knowing and material misrepresentations to the Second Circuit; as discussed above, the existing record is sufficient for me to reach that conclusion. And it is merely "rank speculation" to suggest that counsel was complicit in those misrepresentations. *Quinio v. Aala*, No. 15-CV-4912 (PKC) (ST), 2016 WL 2599120, at *4 (E.D.N.Y. May 4, 2016). Absent some basis to believe that counsel was complicit in Petitioner's misrepresentations, permitting the Government more discovery would be to license a fishing expedition.

For the foregoing reasons, I recommend that the Court of Appeals find, in answer to the second question posed in its Order of March 13, 2026, that Petitioner — and only Petitioner — made a knowing and material misrepresentation to the Court. In my view, that should conclude these proceedings — although if the Second Circuit believes that further discovery and inquiry are warranted, I am, of course, prepared to proceed as directed.

The Clerk of Court is directed to transmit a copy of this Opinion and Order to the Clerk of the United States Court of Appeals for the Second Circuit. Further, as I am inclined to believe that no further proceedings are warranted in this Court, the Clerk of Court is directed to close this matter — with the understanding that it would be reopened in the event that the Second Circuit tasked me with conducting any further inquiries or proceedings.

SO ORDERED.

Dated: November 24, 2026
New York, New York

JESSE M. FURMAN
United States District Judge and Special Master